**In re Hugh Lee NATHURST, III, Debtor.**

**Bankruptcy No. 91–15856–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 6, 1995.

Hugh Lee Nathurst, III, Ft. Myers, FL, Patti W. Woodruff, Cape Coral, FL, Martin L. Sandler, Anthony F. Sanchez, Miami, FL, for debtor.

Richard Hollander, Naples, FL, Dennis J. LeVine, Tampa, FL, for Trustee.

## ORDER ON MOTION FOR RECONSIDERATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Reconsideration and Motion to Vacate Order on Motion for Sanctions filed by Stephany Carr, Trustee, on November 10, 1994. The Motion is directed to an Order entered by this Court on November 1, 1994 which inter alia determined that the Trustee of the estate, Stephany Carr, did violate F.R.B.P. 9011 and imposed a sanction against the trustee in favor of the Debtor for violating that Rule in the sum of $5,000.

In his Motion, counsel for the Trustee contends that the Court's Order under con-

sideration was incorrect in that the record failed to sustain the finding that the Trustee in fact violated F.R.B.P. 9011 and in any event even if the Court finds that a violation occurred, the amount of sanction imposed is unreasonable and not warranted.

The Court carefully reviewed the record again and finds as follows: the Trustee obtained an Order authorizing a 2004 examination of Hugh Lee Nathurst, III (Debtor). The examination was originally scheduled for November 2, 1993. It appears that in order to assure the appearance of the Debtor, the Trustee obtained a subpoena from the Clerk of Court. It is without dispute that the subpoena was not served properly. It was mailed by certified mail, return receipt requested, which was returned unopened as undeliverable. It is also undisputed that the Debtor failed to appear at the November 2d 2004 examination. Although it is disputed that there was an agreement to reschedule the examination for November 16, it appears that counsel for the Debtor, Mr. Sanchez, who was not served with any of the papers relating to the examination, informed the Trustee by a faxed letter that the Debtor was currently living in California and that he would be unavailable for the examination on November 16 and requested that the examination be rescheduled. Mr. Sanchez did not receive any response to his request. The Trustee claims to have appeared for the examination on the 16th, apparently no one else appeared and there is no certificate of non-appearance by a court reporter, allegedly because no arrangement was made for one by the Trustee who merely intended to record the examination on tape.

On December 22, 1993 the Trustee filed a Motion for Apprehension and Removal of the Debtor. In her motion, the Trustee alleged that the Debtor evaded service of an order directing him to appear for examination; that the Debtor willfully disobeyed a subpoena or order to attend his examination all of which were duly served. The Motion was signed and filed by the Trustee herself rather than by her attorney. The Motion was accompanied by an Affidavit in which the Trustee stated under penalty of perjury that she had subpoenaed the Debtor; that the

Debtor failed to appear for the 2004 exam scheduled for November 2, the date specified in the Order; failed to appear again on the rescheduled date of November 16; that she appeared but no examination could be held because the Debtor failed to appear; that the subpoena and Order directing the Debtor to appear for examination was mailed by certified mail, return receipt requested, and the same was returned unopened. Her Affidavit further states that based on the foregoing the Debtor evaded service. The Affidavit further states that the Debtor was also served with the subpoena and order directing him to appear for 2004 examination by first class mail, postage pre-paid and this subpoena and order was not returned to the Trustee. Based on the foregoing, the Trustee stated in her Affidavit that the Debtor willfully disobeyed the subpoena or order to attend the examination duly served.

It is without dispute that the Trustee's Motion for Apprehension and Removal was set for hearing in Ft. Myers, Florida with notice to Mr. Sandler who was attorney of record of the Debtor and a member of the same law firm as Mr. Sanchez, the Trustee and the United States Trustee. It appears that no one appeared on behalf of the Debtor at the scheduled hearing. Based on the representations made by the Trustee and her attorney, Mr. Hollander who appeared in lieu of the attorney of record for the Trustee, Mr. Miller, this Court directed Mr. Hollander to submit an Order granting the Motion. It appears that Mr. Sanchez arrived late after the hearing was already concluded and Mr. Miller who met Mr. Sanchez in the hallway told Mr. Sanchez that the hearing was over. The Order was entered on February 25, 1994. Although it is disputed how a copy of this Order reached the office of the U.S. Marshal, it is without dispute that it was delivered to the U.S. Marshal in San Francisco, and the Debtor was in fact apprehended in California, and taken into custody. He was released after spending the night in jail but only after posting a bond.

As noted earlier, the Debtor did not appear at the originally scheduled 2004 examination set for November 2, 1993. It is equally without dispute, however, that the

subpoena was not served properly because Fed.R.Civ.P. 45(b), as adopted by F.R.B.P. 9016, expressly requires that the subpoena shall be served by delivering a copy to the person to be served and by tendering to the person the fees for one day's attendance and the mileage allowed by law. It needs no elaborate citation of authorities to support the proposition which is self-evident that a subpoena cannot be effectively served by mail even if sent by certified mail. By that as it may, it is clear from this record that the statement by the Trustee in her affidavit that the Debtor was served with the subpoena and order was not well grounded in fact and certainly not supported by existing law. More important is, however, the conclusions based by the Trustee on the allegation that the Debtor evaded service which totally lacked any factual basis thus it is clear that the Trustee did in fact violate F.R.B.P. 9011. This is further supported by the undisputed facts that the Trustee knew when she filed the Motion for Apprehension and Removal that the Debtor was in California (see Exhibit A attached to the Debtor's Motion for Sanctions), and that the Debtor had agreed to appear for her examination. Based on the foregoing, this Court is satisfied that the Order awarding sanctions against the Trustee entered November 1, 1994 was correct and should be reaffirmed.

This leaves for consideration whether or not the sanctions imposed were reasonable and not excessive. The Court carefully considered the schedule submitted by counsel for the Debtor and is satisfied that the amount heretofore awarded was reasonable and should be reaffirmed in all respects.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Reconsideration is hereby granted and upon reconsideration the previous Order entered by this Court on November 1, 1994 be, and the same is hereby, reaffirmed in all respects.

DONE AND ORDERED.